OPINION
{¶ 1} Plaintiff-appellant, Mona Hamilton, appeals from a summary judgment rendered against her on her legal malpractice claim against defendant-appellee, Jeffrey T. Kirby. Hamilton contends that the record demonstrates the existence of issues of fact with regard to whether she filed suit after the expiration of the applicable statute of limitations. She further contends that the trial court erred by considering, as evidence, statements made by her with regard to a grievance against Kirby she filed with the Ohio Disciplinary Counsel.
 {¶ 2} We conclude that the record demonstrates that reasonable minds could only *Page 2 
conclude that Hamilton's malpractice suit against Kirby was filed outside of the one-year statute of limitations, so that the trial court did not err by rendering summary judgment. We further conclude that the trial court did not abuse its discretion by considering the contents of the grievance filed by Hamilton as evidence in the instant case. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In late 2000, Hamilton retained Kirby to represent her with regard to a divorce action filed by her husband. Hamilton, who did not want a divorce, requested Kirby to oppose the action. A hearing was held in April 2001, following which the trial court rendered a decision granting Mr. Hamilton's complaint for divorce.
 {¶ 4} Some time in May 2001, Hamilton retained attorney Karan Horan to represent her with regard to pursuing relief from the trial court's decision. Thereafter, on May 15, during a telephone call, Hamilton discharged Kirby. On May 22, 2001 Hamilton executed a release, which stated: "I, Mona Hamilton, hereby request that all my files, documents, paperwork, etc., regarding my legal separation/divorce be released to my present attorney, Karan M. Horan."
 {¶ 5} Thereafter, Kirby reviewed the proposed divorce decree prepared by Mr. Hamilton's attorney. On June 3, 2001, Kirby sent a letter to the trial judge indicating some disagreements with the proposed decree. The divorce decree was filed on June 4, 2001.
 {¶ 6} On April 4, 2002, Hamilton filed a grievance against Kirby with the Office of Disciplinary Counsel of the Supreme Court of Ohio. In the grievance, Hamilton alleged that she had been rendered homeless due to Kirby's failure to "adequately" represent her interests. She further alleged that Kirby failed to present certain evidence to the trial court regarding her marital finances, and that he failed to file a motion for contempt after she had asked him to do so. She also claimed that Kirby failed to obtain necessary records prior to *Page 3 
the divorce hearing. Hamilton stated, in the grievance, that she had terminated Kirby's representation on May 15, 2001. In a letter dated May 20, 2002, which Hamilton filed with Disciplinary Counsel, Hamilton stated that she consulted a third attorney who, after reviewing her file, advised her to file a malpractice suit against both Horan and Kirby.
 {¶ 7} On May 13, 2003, Hamilton, acting pro se, filed a complaint for malpractice against Horan, in which she alleged that Horan had promised, but failed, to file a motion for a new trial in the divorce action. On October 23, 2003, she filed a motion seeking to add Kirby as a defendant to the suit. On December 29, 2003, the trial court issued an order giving Hamilton 21 days in which to add Kirby as a defendant. Hamilton then retained counsel, who filed an amended complaint against both Horan and Kirby on January 16, 2004.
 {¶ 8} Following discovery, Hamilton and Kirby filed motions for summary judgment. Of relevance to this appeal, Kirby argued that Hamilton's complaint against him was not filed within the statutory time limit of one year.
 {¶ 9} The trial court, in rendering summary judgment against Hamilton, found that the attorney-client relationship between Hamilton and Kirby had been terminated in May 2001, and that Hamilton had been aware of the existence of her malpractice claims as early as May 2002. Thus, the trial court concluded that Hamilton's suit, which was not filed until January 2004, was barred by the statute of limitations set forth in R.C.2305.11.
 {¶ 10} From this judgment, Hamilton appeals. The appeal was argued to this court on May 1, 2007. During the argument, it was noted that a transcript of Hamilton's deposition had been filed of record, but was missing from the record. This court asked counsel for the parties to take steps to supplement the record with a copy of the deposition.
 {¶ 11} On June 15, 2007, Kirby filed a motion to affirm the judgment of the trial court. The motion is based upon the claim that Hamilton has failed to provide a complete record of the proceedings below, and that she has refused to stipulate to the authenticity of Kirby's *Page 4 
copy of the deposition. Thereafter, Hamilton filed a motion "for extension of time to provide complete and accurate copy of deposition." In the motion, Hamilton intimates that the original deposition has been deliberately removed from the record by either Kirby or another officer of the court. The motion states that Hamilton "is willing to stipulate a copy." However, the motion also states that Hamilton "moves this Court for an Order requiring that [a] copy of the deposition be deposited with the Clerk." These motions have been overruled by separate order as moot given that the parties filed a copy of the deposition.
 II {¶ 12} Hamilton's sole assignment of error states as follows:
 {¶ 13} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE, JEFFREY T. KIRBY."
 {¶ 14} Hamilton contends that the trial court erred in rendering summary judgment against her. Specifically, she claims that the trial court erred by determining that she had terminated the attorney-client relationship with Kirby and by concluding that a cognizable event had occurred that alerted her to the need to file suit. She further claims that the trial court erred by considering statements contained in a grievance she filed against Kirby with the Ohio Disciplinary Counsel.
 {¶ 15} A court may properly render summary judgment when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56.
 {¶ 16} R.C. 2305.11(A) provides, in relevant part: "[a]n action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, * * * shall be commenced within one year after the cause of action accrued * * *." The Ohio Supreme *Page 5 
Court has stated that "* * * an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, 58. A cognizable event is defined as an event that is sufficient to "alert a reasonable person that in the course of legal representation his attorney committed an improper act." Spencer v. McGill (1993),87 Ohio App.3d 267, 278. "Knowledge of a potential problem starts the statute to run, even when one does not know all the details." Halliwell v.Bruner (Dec. 14, 2000), Cuyahoga App. No. 76933, *6. "[Consulting with an attorney itself indicates a cognizable event." Id. at *7.
 {¶ 17} We begin with the issue of termination. Hamilton contends that Kirby's representation was never terminated. She claims that the May 15, 2001 phone call to Kirby did not terminate that attorney-client relationship. She claims that the purpose of the call was merely to inform Kirby that he should not sign any documents without first consulting with her. She further notes that Kirby did not file a notice of termination of representation, as required by the Warren County Common Pleas Local Rules.
 {¶ 18} We note that the record is replete with evidence that Hamilton did terminate the attorney-client relationship. First, throughout her statements to the Disciplinary Counsel, Hamilton refers to the fact that she had terminated Kirby's representation and that she had employed Horan as counsel. Additionally, Hamilton issued a release to Kirby seeking to transfer to Horan all documents relating to the divorce. In the release, Hamilton referred to Horan as her "present attorney." During this time, Hamilton was consulting with two other attorneys regarding her belief that Kirby had failed to properly represent her interests. *Page 6 
Finally, in the amended complaint, Hamilton alleged that "Kirby continued to hold himself out as [her] legal representative after [she] had terminated his services." Based upon this evidence, we conclude that a reasonable juror would be compelled to find that the attorney-client relationship was terminated as of May 15, 2001.
 {¶ 19} We next turn to the issue of whether there was a cognizable event alerting Hamilton to the need to pursue relief against Kirby. Hamilton contends that there was not. Specifically, she argues that she had no knowledge of a potential malpractice claim against Kirby. In support, she claims that Horan had assured her that Kirby had not acted improperly. She further claims that her first knowledge of Kirby's alleged negligence came in October 2003, when she discovered Kirby's June 2001 letter to the domestic relations judge and the judge's letter in response thereto. She contends that Kirby concealed these letters, and that this concealment tolled the running of the statute of limitations.
 {¶ 20} We disagree with Hamilton's assessment of the facts. Again, we note that in her grievance filed with Disciplinary Counsel, Hamilton specifically states that she lost her home due to Kirby's failure to represent her adequately. She further claims that Kirby had failed to present relevant evidence and file motions, despite her directions to do so. She also states that a third attorney whom she consulted had advised her to file a malpractice action against Kirby.
 {¶ 21} Furthermore, there is no evidence to support Hamilton's conclusory assertion that Kirby concealed the June 2001 letters between himself and the trial court. Indeed, it appears that the letters were provided to Horan and were in Horan's possession following the execution of the release by Hamilton. Regardless of whether Horan improperly concluded that Kirby did not act negligently or failed to disclose the June letters after receiving Hamilton's documents file from Kirby, we conclude that the statements contained in Hamilton's grievance demonstrate that Hamilton was on notice of a potential problem with *Page 7 
Kirby's representation of her. Based upon this record, we conclude that a reasonable juror could reach only one conclusion — that Hamilton was aware of her potential claims as early as April 2002.
 {¶ 22} Finally, Hamilton cites Hecht v. Levin, 66 Ohio St. 3d 458,1993-Ohio-110, for the proposition that the trial court erred by considering the statements contained in her grievance. We find no merit to this claim. In Hecht, the Supreme Court held that statements made in a grievance proceeding against an attorney could not later be used by the attorney as a basis for filing a libel and slander action against the complainant. Id. This holding was based upon the established principle that: "A statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceedings in which it appears. Surace v. Wuliger (1986), 25 Ohio St.3d 229, 25 OBR 288, 495
N.E.2d 939, syllabus." Id. at 460.
 {¶ 23} In the case before us, Kirby is not suing Hamilton for defamation, and so the fact that Hamilton's statements to Disciplinary Counsel may be privileged from liability for defamation is immaterial. These statements are not being offered to establish an action for defamation, but to show Hamilton's state of mind and knowledge with respect to Kirby's representation of her. For that purpose, they are admissible.
 {¶ 24} We conclude that the evidence establishes that the attorney-client relationship between Hamilton and Kirby was terminated in 2001. We further conclude that the evidence demonstrates, as a matter of law, that Hamilton was aware of her potential malpractice claims as of April 2002. Given that Hamilton failed to file her action against Kirby until January 2004, we conclude that she failed to take action within the time limitation set forth in R.C. 2305.11(A). Accordingly, we conclude that the trial court did not err by rendering summary judgment against Hamilton.
 {¶ 25} Hamilton's sole assignment of error is overruled. *Page 8 
 III {¶ 26} Hamilton's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, J., and BROGAN, J., concur.
(Fain, J., Wolff, J., and Brogan, J., of the Second District Court of Appeals, sitting by assignment of the Chief Justice of Ohio, pursuant to Section 5[A][3], Article IV, of the Ohio Constitution.) *Page 1